IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENINSULA PETROLEUM FAR EAST PTE. LTD. | § § § | CIVIL ACTION NO. 4:22-CV-00337 |
| VERSUS | § § | |
| | § | IN ADMIRALTY |
| CRYSTAL CRUISES, LLC & STAR CRUISES (HK) LIMITED | § § § | |

### FED. R. CIV. P. RULE 56(D) DECLARATION OF MARC MATTHEWS

1. I am an attorney at Phelps Dunbar, LLP, a member in good standing of the bar of this Court, and a counsel of record for Crystal Cruises, LLC and Mark C. Healy, assignee of Crystal Cruises, LLC, appearing specially and restrictively and solely as Claimants of the garnishment proceeds herein.

2. I respectfully submit this declaration in support of Crystal Cruises and Mr. Healy's Response to Peninsula's Motion for Summary Judgment pending the completion of additional discovery in this action pursuant to Federal Rule of Civil Procedure 56(d).

3. In this action, Plaintiff (a foreign corporation from Singapore) alleges that it provided "bunkers" to the CRYSTAL SYMPHONY and the CRYSTAL SERENITY (two luxury cruise vessels chartered by Crystal Cruises and operating out of Miami, Florida) on various dates in December 2021 and January 2022 in the port of Miami and that it issued at least eight (8) separate invoices for those deliveries to Crystal Cruises and Star Cruises (HK). Plaintiff alleged in its original Complaint that Crystal Cruises owes it

approximately $2.1 million. In its First Amended Complaint, however, Plaintiff has dropped most of its claims and now only asserts a claim regarding one (1) invoice in the principal amount of $629,074.98.

4. Discovery in this case is at its earliest stages. The Court entered its Docket Control Order just over two weeks ago, on May 18, 2022. Rec. Doc. 31. That order gives the parties until October 21, 2022 to complete discovery and until October 28, 2022 to file dispositive motions. Since the Docket Control Order was issued, no discovery has occurred in this matter. On June 1, 2022, despite the fact that no written discovery has been served, Plaintiff requested a single deposition, which Plaintiff apparently intends to take *after* the briefing on this motion is complete.

5. Additionally, Crystal Cruises and Mr. Healy maintain that this Court lacks jurisdiction over this matter and their Motion to Vacate Rule B attachment, which presents that issue for the Court's decision, is presently under consideration.

6. If the Motion to Vacate is granted, this matter will be dismissed accordingly. If the Motion is denied, Crystal Cruises and Mr. Healy need to take discovery on several issues.

7. In its briefing on the Motion to Vacate Rule B Attachment, Plaintiff stated that it has assigned to KFW Bank "all rights of action of Peninsula, over and above full satisfaction of Crystal's claims," pursuant to a confidential settlement agreement. Indeed, on February 28, 2022 (a mere 10 days after the Motion to

Vacate was filed), Crystal Cruises received formal notices from Plaintiff that it had assigned "all our rights, title, [and] interest" in certain invoices for fuel provided to the CRYSTAL SERENITY.

8. Following receipt of those notices, counsel for Crystal Cruises and Mr. Healy asked counsel for Plaintiff to confirm its standing in light of the post-attachment assignments to KFW Bank, but Plaintiff steadfastly refused to provide any such evidence.

9. There are significant questions as to whether Peninsula is owed the sums on which it seeks a judgment and with respect to whether Peninsula even has standing in this matter. To address those questions, if the Court determines that it has jurisdiction, Crystal Cruises and Mr. Healy need to seek the following information in discovery:

- Discovery regarding Plaintiff's standing in light of its assignment to KFW Bank of "all rights of action of Peninsula, over and above full satisfaction of Crystal's claims," pursuant to a confidential settlement agreement, including production of the confidential settlement agreement itself.

- Depending on the content of the written assignment documents and the confidential settlement agreement, it may be necessary to conduct deposition(s) of Peninsula and/or KFW Bank to determine whether Plaintiff has standing.

- Discovery regarding the fuel deliveries at issue, including all relevant documentation and communications, to explore who actually ordered the fuel, who received the order, who fulfilled the order, and all associated terms and conditions of sale.  More specifically, there is some question as to whether Peninsula actually delivered any of the subject bunkers to the vessels or whether the bunkers were instead delivered by a third party.  If, as it appears, a third party delivered the bunkers, Crystal Cruises and Mr. Healy will need to investigate whether that third party has been appropriately compensated so as to avoid any possibility that Crystal Cruises is exposed to multiple claims for the same alleged fuel delivery.

- Depending on the content of the written discovery regarding the fuel order and delivery, it may be necessary to conduct deposition(s) of Peninsula and/or the physical supplier of the bunkers.

- Discovery regarding Plaintiff's alleged damages, as many categories of alleged damages addressed in Plaintiff's motion appear completely inappropriate.  Plaintiff also states that some of its alleged damages may be compensated through the proceedings in the Bahamas.  Again, written discovery, document productions, and depositions will likely be necessary regarding these damages issues.

10. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

- 5 -

Executed this 3rd day of June, 2022.

                                                   MARC G. MATTHEWS